**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> BRETT HOWARD and COREY PETULLA, <br><br> Defendants. | No. 19-19254 (SDW) (LDW) <br><br><br> **ORDER** <br><br><br> March 5, 2020 |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") entered on January 17, 2020, by Magistrate Judge Leda Dunn Wettre ("Judge Wettre"), recommending that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) or, alternatively, to transfer venue, be denied.  (D.E 22.)  Defendants filed objections to the R&R on January 31, 2020, and Plaintiff responded on February 14, 2020.  (D.E. 24, 25.)

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).  This Court has reviewed the reasons and findings set forth in the R&R, as well as the parties' submissions, and agrees with its analysis and conclusions.

First, this Court agrees with the conclusion that the forum selection clause is enforceable and that California law, which would render the forum selection clause unenforceable, does not apply here.  Rather, federal law controls, and under federal law, forum selection clauses are

"presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Banks v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 4463271, at *3 (D.N.J. Sept. 18, 2019) (internal citations and quotation marks omitted). This Court agrees none of these factors are met. (*See* D.E. 22 at 3-4.)[1]

Second, this Court finds that denial of Defendants' motion to dismiss or transfer under Rule 12(b)(3) and 28 U.S.C. § 1406(a) when Defendants consented to a forum selection clause selecting New Jersey as the exclusive venue for "any and all litigation" is appropriate. (*Id.* at 6-10.) Specifically, this Court adopts the reasoning of the R&R that, where a defendant has waived its objection to a venue (via a forum selection clause), a Court sitting in that venue may hear the matter, even though that venue may not otherwise be proper under 28 U.S.C. § 1391(b). (D.E. 22 at 9 (citing, among others, *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F.Supp. 2d 370, 375 (D.N.J. 2000); *Howmedica Osteonics Corp. v. Jarrell*, Civ. No. 15-1179, 2015 WL 13727906, at *3 (D.N.J. Nov. 13, 2015)).)[2] Defendants argue that under *Atlantic Marine Construction Company, Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013) ("*Atlantic Marine*"), venue must be proper under 28 U.S.C. § 1391(b), irrespective of any forum selection clause, and thus California, not New Jersey, is the proper venue here. (D.E. 22 at 7; D.E.

---

[1] As the R&R also notes, there is no "legal authority for a federal court sitting in New Jersey, considering a contract which, by its terms, is to be interpreted in accordance with the laws of New Jersey, to consider California law when determining the enforceability of a 'presumptively valid' forum selection clause." (D.E. 22 at 4.)

[2] Under 28 U.S.C. § 1391(b), which governs venue, a "civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

2

24 at 12-14.) As set forth in the R&R, however, the section of *Atlantic Marine* Defendants rely upon is taken out of context, such a rule would "abrogate the widely accepted principle that objections to venue are waivable," (D.E. 22 at 8-9), and the Supreme Court has stated that "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" (*Id.* at 9 (quoting *Atl. Marine*, 571 U.S. at 63).)

Lastly, this Court adopts and agrees with the conclusion of the R&R that this Court should decline to exercise its discretion to transfer this case under 28 U.S.C. § 1404(a). In making this decision, courts weigh public and private interest factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Where there is a valid forum selection clause, however, the Court should "consider arguments about public-interest factors only." *Atl. Marine*, 571 U.S. at 63-64.[3] This Court agrees that the public interest factors, as addressed in the R&R, do not justify transferring this case to California. (D.E. 22 at 11-12.)

This Court is further satisfied that Defendants' motion to dismiss under Rule 12(b)(3), or alternatively, to transfer venue under 28 U.S.C. § 1404(a), should be denied for the reasons set forth in the R&R.

Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R (D.E. 22) is **ADOPTED** as the conclusions of law of this Court.

**SO ORDERED**.

                                                      s/ Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Parties
      Leda Dunn Wettre, U.S.M.J.

---

[3] Public interest factors include "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-80 (internal citations omitted).