NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., a subsidiary of STRYKER CORP., a New Jersey corporation,<br><br>                                          Plaintiff,<br><br>     v.<br><br>BRETT HOWARD, an individual, and COREY PETULLA, an individual,<br><br>                                          Defendants. | Case No. 19cv19254 (EP) (AME)<br><br>OPINION |

**PADIN, District Judge.**

Plaintiff Howmedica Osteonics Corp. filed a Complaint against two former employees, Defendants Brett Howard and Corey Petulla, asserting breach of contract, tortious interference with prospective economic advantage, and trade secret misappropriation claims. D.E. 1. The Court granted Plaintiff's summary judgment motion as to Defendants' liability, but not damages, on the breach of contract claim.[1] D.E. 105 ("October 2022 Order"). As to the remaining claims, summary judgment was not granted in favor of either party. *Id.* Defendants now move to certify the Court's October 2022 Order for interlocutory appeal, as well as to stay the case pending resolution of an interlocutory appeal. D.E. 148-1 ("Mot."). The Court decides the motions on the papers. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1. For the reasons set forth below, Defendants' motion will be **DENIED**.

---

[1] The Court's liability determination encompassed only the non-competition and non-solicitation clauses of the relevant employment contracts. D.E. 104 ("Opinion") at 20-24.

I.  **BACKGROUND**

The parties' familiarity with the complete background of the case is presumed.  Thus, only the background necessary to resolve the pending motion is laid out here.

The Court's October 2022 Order granted Plaintiff's summary judgment motion, with respect to Defendants' liability on the breach of contract claim, after finding that New Jersey law applies to the parties' respective employment contracts.  *See* Opinion at 20-24; October 2022 Order.  In reaching this conclusion, the Court applied the choice of law legal framework adopted in the District (Restatement (Second) of Conflict of Laws § 187(2)) to the facts of the case and found that California does not have a materially greater interest than New Jersey in the issue at hand.  Opinion at 12-14.  Therefore, the Court applied New Jersey law in addressing Plaintiff's breach of contract claim.  *Id.* at 15.  The Court did not grant summary judgment as to Plaintiff's tortious interference with prospective economic advantage and trade secret misappropriation claims.  *Id.* at 25-38; October 2022 Order.

Defendants move to certify the Court's October 2022 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), as well as to stay the case pending resolution of an interlocutory appeal. *See generally* Mot.  Plaintiff opposes.  D.E. 149 ("Opp'n").  Defendants reply.  D.E. 152 ("Reply").  Defendant's motion is ripe for review.

II.  **LEGAL STANDARD**

A district court may certify an order for interlocutory appeal if three statutory conditions are satisfied: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).  The burden to demonstrate that the three

statutory conditions are satisfied falls on the movant. *Werremeyer v. Shinewide Shoes, Ltd.*, 2021 U.S. Dist. LEXIS 143277, at *12 (D.N.J. July 31, 2021) (citing *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014)). However, "[c]ertification [] should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, 2009 U.S. Dist. LEXIS 91526, at *2 (D.N.J. Mar. 10, 2009) (citations omitted); *see also Cardona v. Gen. Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996) (holding issues should be certified for interlocutory appeal only sparingly and in exceptional circumstances). And even if all three statutory conditions are satisfied, "the decision to certify is wholly within [a] district court's discretion." *Huber*, 2009 U.S. Dist. LEXIS 91526, at *1-2 (citing *In re Norvergence, Inc.*, 2008 U.S. Dist. LEXIS 98484, at *4 (D.N.J. Dec. 5, 2008)); *Werremeyer*, 2021 U.S. Dist. LEXIS 143277, at *12 (citation omitted) (same).

### III. DISCUSSION

Defendants seek to certify the following issue for interlocutory appeal: whether California or New Jersey law governs Plaintiff's breach of contract claim, despite the New Jersey choice of law provision in the parties' contracts. Mot. at 6-7. Defendants argue that Section 1292(b)'s three statutory conditions are met. *See id.* at 7-18. Plaintiff attacks each argument. *See* Opp'n at 3-11. The Court concludes that Section 1292(b)'s statutory conditions are not met.

First, Defendants argue that determining whether New Jersey or California law applies to Plaintiff's breach of contract claim is a controlling question of law. Mot. at 8-10. Plaintiff rebuffs this argument, claiming that Defendants find issue only with the Court's application of settled law to facts, which is not a controlling question of law. Opp'n at 3-5.

A question of law is controlling if either: "(1) if decided erroneously, would lead to reversal on appeal; or (2) is serious to the conduct of the litigation either practically or legally." *Morgan v.*

3

*Ford Motor Co.*, 2007 U.S. Dist. LEXIS 5455, at *21 (D.N.J. Jan. 25, 2007) (internal quotation marks omitted) (citing *Katz*, 496 F.2d at 755; and then citing *Pub. Int. Rsch. Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1554 (D.N.J. 1993)). However, "although a question [may] appear[] to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of [S]ection 1292(b)." *Id.* at *22 (citing *Fiscus v. Combus Fin. AG*, 2006 U.S. Dist. LEXIS 73542, at *7 (D.N.J. Sept. 28, 2006)).

In *TGG Ultimate Holdings, Inc. v. Hollett*, faced with the same issue,[2] the district court found that determining whether New York or California law governed the parties' non-compete agreements was not a controlling question of law for purposes of Section 1292(b). 2017 U.S. Dist. LEXIS 58983, at *5 (S.D.N.Y. Mar. 23, 2017). The court reasoned that the issue was, instead, a "mixed question of law and fact" that required a "review of evidence in the factual record of the parties' contacts with New York and California[.]" *Id.*

The same is true here. Defendants' issue is not with the choice of law framework the Court applied in the October 2022 Order. *See* Mot. at 11 ("[T]here is no dispute that the Restatement (Second) of Conflict of Laws § 187(2) governs the [choice of law] issue critical to this case . . . ."). Instead, Defendants challenge the Court's application of the choice of law framework to the factual record before the Court, because from Defendants' perspective, the parties' contacts with California—not New Jersey—are more significant. *See id.* at 3 n.1, 6-7 (outlining facts in record supporting California's interest and stating California is the "state with a materially greater interest in determining the issues in this matter"); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper [Section] 1292(b) appeal is one that turns on . . .

---

[2] Except to swap out New York for New Jersey

whether the district court properly applied settled law to the facts or evidence of a particular case."). But "Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion the [district] court." *Krishanthi v. Rajaratnam*, 2011 U.S. Dist. LEXIS 53470, at *10 (D.N.J. May 18, 2011) (denying motion to certify issue for interlocutory appeal where defendants challenged application of legal standard to facts at issue, which necessarily involved "interplay of facts and law"). Therefore, the Court concludes that the issue Defendants seek to certify is not a controlling question of law for purposes of Section 1292(b). *See TGG Ultimate Holdings, Inc.*, 2017 U.S. Dist. LEXIS 58983, at *5-6 (denying motion to certify choice of law issue for interlocutory appeal when presented with same issue).[3][4]

Next, Defendants assert that a "substantial ground for difference of opinion" exists because the Court's application of the choice of law legal framework cannot be reconciled with the application of the same framework in other cases. *See* Mot. at 10-15. Plaintiff responds that the Court's application of the choice of law legal framework to the facts in the case is consistent with the existing case law; and Defendants do not point to any cases with analogous circumstances, *i.e.*, a New Jersey company seeking to enforce restrictive covenants against out-of-state employees. Opp'n at 5-7 (citing *Diversant, LLC v. Carino*, 2018 U.S. Dist. LEXIS 56073, at *9-10 (D.N.J. Apr. 2, 2018) (holding New Jersey law applied where New Jersey company was seeking to enforce

---

[3] In *Maertin v. Armstrong World Indus.*, the district court granted the motion to certify the relevant choice of law issue for interlocutory appeal, but the Third Circuit denied the request for permission to appeal under 28 U.S.C. § 1292(b). *See* 2006 U.S. Dist. LEXIS 99937, at *5 n.2 (D.N.J. July 19, 2006). Thus, the district court's prior holding that New Jersey law applied was upheld. *See id.* Defendants unconvincingly use this case in support of their position that the choice of law issue before the Court should be certified for interlocutory appeal.

[4] Because Defendants have not met the first statutory condition required under Section 1292(b), the Court's analysis could end here. However, for completeness, the Court addresses Defendants' arguments concerning Section 1292(b)'s two other statutory conditions.

5

restrictive covenants against California resident); and then citing *Chemetall US Inc. v. LaFlamme*, 2016 U.S. Dist. LEXIS 29644, at *24-25 (D.N.J. Mar. 8, 2016) (finding New Jersey had greater interest in enforcing New Jersey company's rights)). Plaintiff adds that the cases Defendants cite to where the Third Circuit heard interlocutory appeals of choice of law decisions are irrelevant because those cases all involved unsettled issues of law that warranted appellate review. Opp'n at 7 (outlining distinct unsettled issues of law involved in cases Defendants cited).

A "substantial ground for difference of opinion" requires that a movant "demonstrate that the court applied one legal standard and that 'other courts have substantially differed in applying that standard.'" *Morgan*, 2007 U.S. Dist. LEXIS 5455, at *23 (quoting *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993)). But "[a] mere difference of opinion as to the court's discretionary findings or conclusions does not" satisfy this burden. *Id.* at *23-24 (citation omitted). Instead, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Id.* at *24 (citation omitted).

Defendants have not demonstrated the existence of a "substantial ground for difference of opinion." While they cite to cases that they claim conflict with the Court's application of the choice of law legal framework to whether New Jersey or California has a greater interest in determining the breach of contract claim, *see* Mot. at 11-15, these primarily non-Third Circuit cases highlight that the individual facts of a case drive a court's choice of law conclusions. For example, with respect to two District of New Jersey cases that Defendants cite, the respective conclusions that a state other than New Jersey had a greater interest in the issue at hand was reached only after the courts applied the same choice of law legal framework that the Court applied here, to the individual facts of those cases. *See, e.g.*, *Ortiz v. Goya Foods, Inc.*, 2020 U.S. Dist. LEXIS 58854, at *13 (D.N.J. Apr. 3, 2020) (concluding out-of-state employees could not use choice of

6

law provision to enforce rights under New Jersey Wage Payment Law, after finding plaintiff's home state of Pennsylvania had a greater interest in ensuring wage protection of Pennsylvania residents); *Lupian v. Joseph Cory Holdings, LLC*, 240 F. Supp. 3d 309, 313-14 (D.N.J. 2017), *aff'd*, 905 F.3d 127 (3d Cir. 2018) (applying Illinois wage protection law to Illinois employees claiming violations of wage law related to conduct occurring in Illinois, given that Illinois had a great interest than New Jersey, even though "New Jersey clearly ha[d] a substantial relationship to the parties"). Thus, Defendants have not demonstrated that the choice of law issue they seek to certify satisfies Section 1292(b)'s "substantial difference of opinion" requirement.

Finally, Defendants claim that an immediate appeal of the choice of law issue will materially advance the ultimate termination of the litigation, insofar as a final decision that California—not New Jersey—law applies to Plaintiff's breach of contract claim will result in the dismissal of this claim in a more efficient manner. *See* Mot. at 15-17. Plaintiff disagrees, arguing that an immediate appeal on the breach of contract claim would not resolve Plaintiff's other live claims, *i.e.*, tortious interference and trade secret claims, meaning that further litigation would still be necessary. Opp'n at 9-10.

Here, a determination of whether New Jersey or California law applies would not conclusively dispose of Plaintiff's breach of contract claim. Specifically, while California Business and Professional Code Section 16600 broadly prohibits non-compete provisions in employment contracts, it is not without exceptions. For example, "Section 16600 does not invalidate an employee's agreement not to disclose his former employer's confidential customer lists or other trade secrets or not to solicit those customers." *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268, 276 (Cal. App. 6th Cir. 1985); *see also Gordon v. Wasserman*, 153 Cal. App. 2d 328, 330 (Cal. App. 2d Dist. 1957) (citations omitted) (holding "covenant not to use [former employer's]

7

confidential lists to solicit customers for himself" were valid and enforceable against former employee). Thus, even if California law were to apply to Plaintiff's breach of contract claim, that "claim[] may not be doomed, and the outcome may, depending on the facts, be the same under California law as under [New Jersey] law." *See TGG Ultimate Holdings, Inc.*, 2017 U.S. Dist. LEXIS 58983, at *5-6. The Court is, therefore, not persuaded that an immediate appeal would "materially advance the ultimate termination of the litigation."

The Court concludes that the choice of law issue before it does not present "exceptional circumstances" that would justify its certification for interlocutory appeal pursuant to Section 1292(b).[5] Defendants' motion will be denied.[6]

### IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to certify the Court's October 2022 Order for interlocutory appeal will be **DENIED**, and Defendants' request for a stay pending that appeal will be **DENIED** *as moot*. An appropriate Order accompanies this Opinion.

Dated: March 6, 2024

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[5] Given Defendants' failure to satisfy the conditions of Section 1292(b), the Court need not reach Defendants' policy arguments.

[6] Because the motion to certify the choice of law issue for interlocutory appeal will be denied, Defendants' request for a stay pending that appeal is moot.